FILED

JUL 2 9 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MR.  JAMSHYD RASEKH, PhD
1112 Villamay Blvd.
Alexandria, VA 22307

   Plaintiff,

     v.

THOMAS J. VILSACK
SECRETARY,
DEPARTMENT OF AGRICULTURE

   Defendant.

JURY ACTION

Case: 1:10-cv-01278
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 7/29/2010
Description: Employ. Discrim.

## COMPLAINT

1.  This is a suit brought pursuant to Title VII of the Civil Rights Act of 1964 as
amended, 42 U.S.C. §2000e, *et. seq.* (hereinafter, called "Title VII") and the Age
Discrimination in Employment Act, 29 U.S.C. §633a (hereinafter, called the "ADEA").
Plaintiff is seeking damages against his employer for discriminating and retaliating
against him because of his national origin (Iran) and age (75) and prior protected
activities in filing EEO complaints by bypassing him for promotion repeatedly, issuing
him the lowest performance awards for the Superior level performance evaluations he
regularly received and by not processing his complaints in a timely manner.

2.  Jurisdiction of this Court is invoked pursuant to 42 U.S.C §2000e-5 and 42 U.S.C
§2000e-16.

3. Venue is appropriate under 42 U.S.C §2000e-5 and 42 U.S.C §2000e-16 because this

is the judicial district in which the cause of action arose and discriminatory practices occurred.

4.   Plaintiff is commencing this action within 90 days after receiving his right to sue authorization from the EEOC and he has timely exhausted all administrative requirements for bringing this claim.

## THE PARTIES

5.   The plaintiff, Jamshyd Rasekh, is a resident of Alexandria, VA who was employed by Defendant at all times relevant in its offices at 901 D St., S.W., Washington, D.C.

6.   Defendant, Tom Vilsack, is Secretary of the Department of Agriculture and is being sued in his official capacity only.

## FACTS

7.   Plaintiff, Jamshyd Rasekh, is a 75 year male who was born and raised in Iran. He obtained his higher education in America and earned a doctor's degree in Food Science and Technology from the University of Maryland in 1967.   He also earned a post doctoral degree in marine seafood technology from the Department of Commerce, Department of National Oceanic Atmospheric Administration in 1970.

8.   Plaintiff started working for the Food Safety Inspection Service (FSIS) at the Office of Public Health Science at the Department of Agriculture at the Agency's D.C. offices on 14th St. in 1980.  Plaintiff had been working in academia at the University of Maryland as a postdoc and had a well documented background in hazards assessments relating to foods up to that time.  Plaintiff was recruited by USDA and offered a position as a GS-13 when he first started in 1980 at the Food Safety Inspection Service of USDA.

.    9.  Plaintiff has published nearly 30 articles—many peer reviewed—in the area of food science and food safety analysis over the years, the most recent published in 2005.

10.  Plaintiff performed his job duties well and regularly received outstanding and superior performance reviews each year.

11.  Plaintiff applied for more than fifteen GS-14 promotion opportunities over the years but was never selected for promotion.

12.  After being bypassed for promotion in 1999, Plaintiff filed a complaint of discrimination with the Defendant's EEO office.  His case was added to a class action suit that was already pending and the case was settled with his being promised priority consideration for future openings and substantial attorneys' fees.

13.  In 2001 Plaintiff was ranked one of the highest two applicants for a GS-14 position as Pre-Harvest Food Safety.  However, rather than select him, management withdrew the vacancy announcement.

14.  In 2004 Plaintiff received a Superior rating on his end of year performance evaluation, but was only presented an award of $50.  Other coworkers who were rated at the same Superior level of performance for the year received larger awards, including one who received a $500 award.  Plaintiff's award was the lowest handed out for a Superior overall performance evaluation for the year at his grade level.  After Plaintiff filed a complaint over his performance award with the Agency's EEO office, he was disapproved to attend a professional conference which he had previously attended for years and for which he was already approved to attend for this year.   Plaintiff timely processed a complaint of retaliation over having this conference approval being denied at the eleventh hour because of management's pique over his filing a complaint regarding

3

his low performance award. The Agency failed to follow required policy for processing

such EEO complaints and delayed issuing a final decision on the issue for years, which is

the way they treated Plaintiff's other complaints during that same time period. Plaintiff

only received the Agency's final decision denying his complaint on the 2004

performance award and denial to attend conference on 6/28/10.

15.   Plaintiff applied for two positions for Risk Analyst at the GS-14 level, one in

2005 and one in 2008. Despite making the best qualified list for both, management

selected two Caucasian (one born in Ireland and one American-born) female individuals

who were in their early 30s, had few or no publications, had worked for the Department

of Agriculture for less than 3 years and had not even submitted required transcripts to

qualify to be considered for the position in the first instance. Plaintiff timely processed

EEO complaints over being bypassed for both positions. (Only the latter position is

being claimed though in this proceeding.)

16.   Plaintiff again received a Superior rating in 2008 and was issued $100

performance award. Again, his performance award was the lowest issued to a

comparable grade level employee with a Superior overall rating. Plaintiff returned the

$100 check to the Agency as too humiliating to accept.

17.   In 2009 despite Plaintiff continuing his high level of performance, his

performance evaluation was lowered to Fully Successful and he was given no

performance award at all. Only days before receiving his rating, Plaintiff was publicly

recognized by the Assistant Administrator for the high level of work he was performing

on the Scientific Seminar Series. Plaintiff timely filed an EEO complaint over his rating

being lowered without any indication to him that his work performance had deteriorated in any way throughout the performance year.

## CLAIMS

### I. AGENCY VIOLATED TITLE VII BY PAYING PLAINTIFF LOWER BONUS MONIES FOR 2004 AND 2008

18. The Agency's lower payment of bonus monies to Plaintiff for his Superior performance in 2004 and 2008 was discriminatory on the basis of his national origin because Plaintiff had been performing highly for years, but was given the lowest monetary recognition in his unit for his high level of performance.

19. In violating Plaintiff's federally protected rights, the defendant acted with malice and/or reckless indifference.

20. As a result of the defendant's unlawful conduct, Plaintiff has suffered damages in the form of lost wages, benefits and other attendant rights and privileges of his employment.

21. As a result of the defendant's unlawful conduct, Plaintiff has suffered and continues to suffer loss of employment opportunities, mental and emotional distress and loss of enjoyment of life.

### II. AGENCY VIOLATED TITLE VII BY RETALIATING AGAINST PLAINTIFF BECAUSE OF HIS PRIOR COMPLAINTS OF DISCRIMINATION

22. Plaintiff was given the lowest bonus monies in 2004 and 2008 and had a professional conference, which had already been approved and which he regularly attended in the past, disapproved at the last minute because of his challenge to the 2004 $50 bonus that he was given. His year end evaluation for 2009 was the lowest (Fully

Successful) that he ever received, with no prior notice of lagging performance—out of an attempt to humiliate and frustrate him into retiring.

23.  In violating Plaintiff's federally protected rights, the defendant acted with malice and/or reckless indifference.

24.  As a result of the defendant's unlawful conduct, Plaintiff has suffered damages in the form of lost wages, benefits and other attendant rights and privileges of his employment.

25.  As a result of the defendant's unlawful conduct, Plaintiff has suffered and continues to suffer loss of employment opportunities, mental and emotional distress and loss of enjoyment of life.

## III.    AGENCY VIOLATED ADEA AND TITLE VII IN BYPASSING PLAINTIFF FOR 2008 RISK ANALYST POSITION

26. The Agency has repeatedly selected younger, less qualified and American-born employees over Plaintiff for open GS-14 positions.   The Agency was motivated by age and national origin by selecting a young female, with only three years of experience with the Agency, and who in other respects was far less qualified than he was for a GS-14 Risk Analyst position.

27.  In violating Plaintiff's federally protected rights, the defendant acted with malice and/or reckless indifference.

28.  As a result of the defendant's unlawful conduct, Plaintiff has suffered damages in the form of lost wages, benefits and other attendant rights and privileges of his employment.

29.  As a result of the defendant's unlawful conduct, Plaintiff has suffered and continues to suffer loss of employment opportunities, mental and emotional distress and

loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, the plaintiff requests that this Court grant him the following relief:

1. Issue an order declaring that the defendant has violated the plaintiff's rights under Title VII and the ADEA;

2. Issue an order directing the defendant to reinstate the plaintiff to the position he would have held were it not for the discrimination  against him and provide him full back pay and/or front pay and other benefits related to his employment;

3. Issue an order directing the defendant to pay the plaintiff compensatory damages for the emotional pain, mental anguish, humiliation and loss of enjoyment of life he suffered because of the defendant's intentional discrimination in violation of Title VII;

4. Issue an order directing the defendant to pay the plaintiff pre- and post-judgment interest on the amounts owed to him;

5. Issue an order directing the defendant to pay the plaintiff his costs incurred in this action, including reasonable attorneys' fees;

6. Issue an order that the defendant pay liquidated damages;

7. Issue an order directing the defendant to take such other actions as are necessary to carry out the remedial purposes of the law.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues to which he is entitled to a jury trial under law.

FOR THE PLAINTIFF,

James L. Kestell   DC 955310
Michael Deeds
Kestell & Associates
209 Midvale Street
Falls Church, VA 22046-3510
Ph:   703 237-2912
Fax:  703 237-4321
jlkesteell@cox.net